MEMORANDUM *
Petitioner-Appellant Bruce Lee Scott challenges his 18-year aggravated sentence for second degree murder. His claim is that his Sixth Amendment rights were violated because the trial judge, and not a jury, found statutory aggravating factors and increased his sentence beyond the presumptive one, citing Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court denied the petition, holding that Scott had *17 procedurally defaulted on the Apprendi claim under Ariz. R.Crim. P. 32.2(a)(3).
1. The right Scott seeks to invoke was not clearly established until Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), a decision announcing a new constitutional rule of criminal procedure. See Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir.2005) (holding Blakely not retroactive). In Blakely, the Court applied Apprendi to a Washington statute that allowed a trial judge to impose an “exceptional” sentence upon his own findings that the defendant acted with “deliberate cruelty.” 542 U.S. at 298, 301,124 S.Ct. 2531. The Court held that this procedure violated Apprendi because the relevant “statutory maximum” for Apprendi purposes was the maximum sentence a judge may impose without finding any additional facts, rejecting the state’s argument that the only relevant maximum under Apprendi is the maximum the judge could impose under state law after finding additional facts. Id. at 303-04, 124 S.Ct. 2531.
Similarly here, Scott was convicted of second-degree murder, carrying a “presumptive” term of 16 years. By statute, the sentence can be increased on a finding of statutory aggravating factors, and Scott’s claim, like Blakely’s, is that the Sixth Amendment requires that a jury find these factors. Scott’s claim is, then, “virtually indistinguishable from the question reviewed by the Supreme Court in Blakely. In both cases, the judge imposed a sentence greater than the standard range specified [in the applicable state law] based on findings made by the judge, rather than the jury.” Schardt, 414 F.3d at 1032. The Blakely rule is “new,” as we explained in Schardt, because it was not clear that Apprendi alone would have compelled the rule announced by the Court in Blakely; as we noted, every circuit court considering the question presented in Blakely had reached the opposite conclusion later reached by the Supreme Court. See id. at 1035.
2. Scott’s conviction and sentence became final in 2002, when the time for filing a petition for writ of certiorari on direct appeal expired. See Caspari v. Bohlen, 510 U.S. 383, 390, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994). Blakely was not decided until 2004. The new rule announced in Blakely was therefore not applicable to Scott on habeas. See Schardt, 414 F.3d at 1038.
3. Scott maintained at oral argument that because Arizona “Rule 32 of-right” post-conviction relief proceedings are a form of direct appeal, Blakely is available to him, because his post-conviction proceedings were not final until 2005, after Blakely had been decided. Under the Arizona rules, however, a “Rule 32 of-right proceeding” is only available to “[a]ny person who pled guilty or no contest, admitted a probation violation, or whose probation was automatically violated based upon a plea of guilty or no contest.” Ariz. R.Crim. P. 32.1. Scott’s post-conviction relief proceedings, however, came after his trial and direct appeals, not after a guilty or no contest plea. It was therefore not a “Rule 32 of-right” proceeding.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.